IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SAMMY LEVI GAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 113-164 |
| | ) |
| GEORGIA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 10, 11). The Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. (Doc. no. 8.)

The Court finds that Plaintiff's objections are without merit. Plaintiff's objections are based on his allegation that he had, in fact, exhausted his administrative remedies when he commenced the case for the following reasons: (1) he was denied his right to file grievances for three weeks; (2) he was not allowed to file grievances from March 2, 2013 to April 2013 because he was housed on the Crisis Stabilization Unit; (3) he wrote letters to the warden, G.B.I., and F.B.I., and already had several grievances pending; and (4) the grievance procedure was exhausted to the best of his ability given the circumstances because he has now turned in a grievance which is pending investigation. (See generally doc. nos. 10, 11.)

However, as discussed in the R&R, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Lee v. Lappin, No. 5008, 2004 WL 1701045 (D.C. Cir. July 29, 2004); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

Here, Plaintiff's complaint was clearly unexhausted, in that Plaintiff plainly attempted to initiate suit before his formal grievance was even turned in, and, thus, before he had completed the administration process. His objections support this finding as he has stated that a grievance was turned in and is "pending investigation." (Doc. no. 10, p. 1.) Thus, Plaintiff commenced his case before completing all of the steps in the grievance procedure, thereby rendering his claim unexhausted upon the filing of his complaint. Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that a prisoner must "us[e] all steps" in the administrative process to properly exhaust his claims). Plaintiff has therefore provided no basis for departing from the Magistrate Judge's conclusion that Plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a), and his objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies, and this civil action is **CLOSED**.

SO ORDERED this 12th day of December, 2013, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA